UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TYJENKINS and DEBBIE JENKINS, a married couple and as Guardians ad Litem for their minor children, TJ and CJ,<br><br>Plaintiffs,<br><br>v.<br><br>HARRISON K-9 SECURITY SERVICES, LLC, a Nevada Limited Liability Company, et al,<br><br>Defendants. | Case No. 4:14-CV-00147-EJL<br><br>**MEMORANDUM ORDER** |

**FACTUAL AND PROCEDURAL BACKGROUND**

Pursuant to 28 U.S.C. § 1441, Defendants removed this action from state court and invoked this Court's jurisdiction on diversity grounds under 28 U.S.C. § 1332.[1] Plaintiffs then filed a Motion to Remand, to which Defendants responded in opposition. The matter is now ripe. Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided

---

1 Defendants filed the Notice of Removal on April 15, 2014 and attached a copy of Plaintiffs' Complaint filed in state court on February 3, 2014. Under 28 U.S.C. §1446(b), defendants must file for removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting for the claim for relief…." The record shows that the final defendant was served on March 20, 2014, and the final Affidavit of Service was filed with the state court on April 2, 2014. Thus, Defendants timely filed their Notice of Removal.

**MEMORANDUM ORDER - 1**

by oral argument, this matter shall be decided on the record before this Court without oral argument.

## STANDARD OF REVIEW

Under 28 U.S.C. § 1441(a), district courts have removal jurisdiction over any claim that could have been brought in federal court originally. *Hall v. North American Van Lines, Inc.*, 476 F.3d 683, 686-687 (9th Cir. 2007). But when a plaintiff institutes a diversity action in state court, which the defendant removes to federal court, there is a "strong presumption that the plaintiff has not claimed a large amount in order to confer jurisdiction on a federal court." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 290 (1938). This "strong presumption" against removal jurisdiction means the defendant bears the burden of proving that removal is proper. *Mesa Industries, Inc. v. Eaglebrook Products, Inc.*, 980 F. Supp. 323, 325 (D. Ariz. 1997). The removal statute is strictly construed against removal jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941). Any doubt as to the right of removal is resolved in favor of remand.[2] *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

## ANALYSIS

When a defendant removes a case on diversity grounds, the removing defendant must show complete diversity between the parties and an amount in controversy greater than $75,000, excluding interest and costs. *See* 28 U.S.C. §1332(a); *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). Because both parties concede that diversity of citizenship

---

2  This Court immediately reviews each new case before it to confirm that federal jurisdiction is proper. *Sparta Surgical Corp. v. Nat'l Ass'n. Sec. Dealters, Inc.*, 159 F.3d 1209, 1211 (9th Cir. 1998) ("If a district court lacks subject matter jurisdiction over a removed action, it has the duty to remand it…."); *Snell v. Cleveland, Inc.*, 316 F.3d 822, 824, 826 (9th Cir. 2002) (explaining that a "court may raise the question of subject matter jurisdiction, *sua sponte*, at any time").

**MEMORANDUM ORDER - 2**

exists in this case, the sole issue before the Court is whether Defendants have satisfied the burden of showing the amount in controversy meets the jurisdictional minimum of $75,000 as required by 28 U.S.C. §1332(a).

The Court must first determine whether it is evident from the face of the Complaint that the amount in controversy exceeds $75,000. Where a complaint filed in state court does not specify damages in excess of the jurisdictional minimum, it is "not facially evident from the…complaint that the controversy involves more than $75,000." *See Matheson*, 319 F.3d at 1091. Here, Defendants allege that information "from the face of the Complaint" satisfies the amount in controversy requirement. (Notice of Removal, Dkt. 1, p. 2-3.) Specifically, Defendants allege that Plaintiffs seek to recover the following: "no less than $50,000.00" in monetary damages, reimbursement of $45,000 for the dog in question, other compensatory damages, attorney fees, and punitive damages. *Id*. In their Complaint, Plaintiffs pray for monetary damages of "no less than $50,000," attorney fees pursuant to Idaho Code and rules, and "any other relief" appropriate. (Complaint, Dkt. 1-3, p.5.) Plaintiffs also reserve their right to amend their Complaint to add punitive damages. *Id.* Contrary to Defendants' assertion, however, the Complaint seeks "no less than $50,000" in monetary damages, not the monetary damages *plus* compensatory damages and $45,000 in reimbursement for the cost of the dog. The Plaintiffs' request for monetary damages of "no less than $50,000" is the lone amount specified in the Complaint. Because the Complaint does not specify damages in excess of $75,000, it is not facially-evident that the amount in controversy meets the jurisdictional minimum.

When it is not facially-evident from the Complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount

**MEMORANDUM ORDER - 3**

in controversy meets the jurisdictional minimum. *Matheson*, 319 F.3d at 1090. The removing defendant must therefore establish that it is "more likely than not" that the amount in controversy exceeds $75,000. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). To do so, the removing defendant must set forth "in the removal petition itself, the *underlying facts supporting its assertion….*" *Gaus*, 980 F.2d at 567 (emphasis in original). The court may consider "summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Valdez v. Allstate Ins. Co.*, 372 F. 3d 1115, 1117 (9th Cir. 2004), *quoting Matheson*, 319 F.3d at 1090. A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claims. *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002).

## I. Attorney Fees

In the Notice of Removal, Defendants set forth facts asserting that Plantiffs' attorney fees should be included in the amount in controversy calculation. Attorney fees may be included in the amount in controversy where the underlying statute, either mandatory or permissive, authorizes an award. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). Upon removal, a defendant must do more than point to a request for fees and must demonstrate the probable amount of attorney's fees. *See, e.g., Surber v. Reliance Nat'l Indemnity Co.*, 110 F. Supp.2d 1227, 1232 (N.D. Cal. 2000) (defendant must establish approximate cost of plaintiff's attorney fees, including evidence of a reasonable estimate of the time the case will require and counsel's hourly billing rate).

Here, Defendants rely on an email Plaintiff Ty Jenkins sent as summary-judgment-type evidence to show that Plaintiffs' attorney fees should be included in the amount in controversy.[3] (Notice of Removal, Dkt. 1, p.2.) In the email, Jenkins stated that he was "prepared to pay 3 times the cost of the dog in legal fees to go fight this." (Dkt. 1-1, Ex. 1.) Defendants allege that this statement is a settlement demand and is evidence of Plaintiffs' $135,000 budget for attorney fees for this matter. (Defendants' Response to Motion to Remand, Dkt. 8, p. 3.) However, the email does not contain the hallmarks of a settlement letter. Jenkins wrote the email several months prior to filing the Complaint, and the email does not appear to be an attempt to settle the dispute. Jenkins did not offer to settle the matter in exchange for consideration. Rather, Jenkins threatened litigation, noting that he met with his legal team and considered a budget for their fees. Defendants point to the Ninth Circuit's decision in *Cohn* as the relevant authority. *Id.* The settlement letter in *Cohn* is inapposite for comparison to the Jenkins email. The *Cohn* settlement letter was an offer designed to settle the dispute. *Cohn,* 281 F.3d at 839-40. In it, Cohn offered the use of his trademark in exchange for $100,000, or, alternatively, insisted that the defendant cease using the trademark. *Id.* at 840 n.2. The Ninth Circuit emphasized that Cohn's letter reasonably reflected an estimate of his claims. *Id.* at 840. The letter presented clear reasoning for Cohn's assessment of the value of his case, "Upon review of [my client's] records, and evaluating the value of the good will portion of his business, we believe the mark is worth more than $100,000 to [Cohn]." In the instant matter, Jenkins's email did not offer any indication of his assessment of the case but merely stated that he was considering filing one and that he was willing to spend three times the cost of the dog on legal fees if necessary – evidencing his level of

---

3 Plaintiffs correctly assert that this email should have been submitted as an attachment to an affidavit pursuant to the Federal Rules of Evidence in order to be properly before this Court. The Court has, however, considered the evidence on this Motion.

**MEMORANDUM ORDER - 5**

commitment. Thus, Jenkins's email is not a settlement letter reflecting a reasonable estimate of his claim.

Defendants also fail to demonstrate the probable amount of Plaintiffs' attorney fees. Defendants did not approximate actual litigation costs. Specifically, they did not estimate counsel's hourly rate or the time the case would require. Jenkins's email did not provide any estimates either. The email did not mention any costs Jenkins incurred, except "the cost of the dog." Jenkins did not indicate how much time he expected a case to take or what he expected a case to cost. Therefore, there is no probable amount of attorney fees for the Court to consider. Without the probable amount of Plaintiffs' attorney fees or relevant summary-judgment-type evidence, the Court cannot use Plaintiffs' attorney fees to determine the amount in controversy in this case.

**II.    Punitive Damages**

Defendants also argue that punitive damages should be considered, even if minimally, in the amount in controversy. (Notice of Removal, Dkt.1, p.3.) A defendant may count punitive damages as a part of the amount in controversy only if they are recoverable as a matter of law. *Wilson v. Union Life Ins. Co.*, 250 F.Supp.2d 1260, 1264 (D. Idaho 2003).[4] A defendant must do more than merely tell the Court that the plaintiff seeks punitive damages; rather, the defendant must set forth evidence showing the likely award if the plaintiff succeeds. *Id.* at 1264-65; *see e.g., Conrad Assocs. v. Hartford Accident & Indem. Co.*, 994 F.Supp. 1196, 1200-01 (N.D. Cal. 1998) (holding defendant's burden not met by pointing out that the complaint seeks punitive damages

---

4  Idaho's unique statutory scheme governing punitive damages makes it unclear whether at the time the original complaint is filed the plaintiff has made a claim for punitive damages that is recoverable as a matter of law. Idaho Code § 6-1604(2). However, the Court need not resolve this question to decide the issues in this case.

**MEMORANDUM ORDER - 6**

and requiring defendant submit evidence of jury awards in analogous cases). Where a defendant relies on damages that might flow from a plaintiff's causes of action, the defendant must provide evidence to support a reasoned calculation of those damages. *Wilson*, 250 F.Supp.2d at 1265.

Here, Defendants point out to the Court that "Plaintiffs also claim[s] they will seek punitive damages." (Notice of Removal, Dkt. 1, p.3.) Defendants assert that "even if recovery is minimal in emotional damages for all four Plaintiffs," the amount in controversy exceeds the jurisdictional requirement. *Id.* While true that Plaintiffs notified Defendants of their intent to amend the Complaint to seek punitive damages, they never amended the Complaint. Thus, there is no evidence to support a reasoned calculation of punitive damages or to show a likely award of punitive damages based on the possibility that Plaintiffs may amend their Complaint. Defendants offer no further arguments or evidence to show a likely award or permit a reasoned calculation of punitive damages in this case. Without any evidence to support a calculation of punitive damages, it is inappropriate to include punitive damages in the amount in controversy in this case.

### III.     Conclusion

The Court finds the attorney fees and punitive damages are not properly included in the amount in controversy in this case, and, therefore, the amount fails to exceed the jurisdiction minimum. Because the amount in controversy does not exceed the $75,000 minimum, the Court remands this case for lack of subject matter jurisdiction pursuant to 28 U.S.C. 1447(c).

## ORDER

Based on the foregoing, and being fully advised in the premises, **IT IS HEREBY ORDERED** that the Motion to Remand (Dkt. 6) is **GRANTED.** The above-entitled action is remanded to the District Court of the Seventh Judicial District of the State of Idaho, in and for the County of Bonneville, No. CV-14-736.

**IT IS FURTHER ORDERED** that all remaining pending motions be resolved, if appropriate, by the state court.

DATED: October 14, 2014

Edward J. Lodge
United States District Judge

**MEMORANDUM ORDER - 8**